**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maris S. Mitchell, | ) | No. CV 11-2244-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Patrick R. Donahoe, | ) | |
| Defendant. | ) | |

Plaintiff has moved to proceed in forma pauperis and for appointment of counsel. Plaintiff filed an affidavit in support of her request to proceed in forma pauperis. The Court finds the request to proceed in forma pauperis to be well taken and will grant that request.

With respect to Plaintiff's request for appointment of counsel, there is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court may appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates Plaintiff's likelihood of success on the merits and ability to articulate her claims pro se considering the complexity of the legal issues involved. *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988); *see also Wilborn*, 789 F.2d at 1331. In a case arising under the 1964 Civil Rights Act, the Act "provides for appointment of counsel in employment discrimination cases in such circumstances as the

court may deem just." *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (internal quotations omitted). In determining whether appointment of counsel is warranted, the Court is required to assess: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Id.*

At this point, the Court finds that Plaintiff has failed to show exceptional circumstances. And, while it appears Plaintiff's claims arise under Title VII, Plaintiff has not met the three prongs of *Bradshaw*. Accordingly, the Court will deny Plaintiff's request for appointment of counsel, without prejudice.

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's application to proceed in forma pauperis (Doc. 2), without prepayment of costs or fees or the necessity of giving security therefor. Service by waiver or of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal or his authorized representative. Plaintiff shall complete and return all necessary documents to effect service to the Clerk's office (to forward to the Marshal) within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel (Doc. 3) is denied without prejudice.

DATED this 22nd day of November, 2011.

James A. Teilborg
United States District Judge