1  **WO**

2

3

4

5       IN THE UNITED STATES DISTRICT COURT

6       FOR THE DISTRICT OF ARIZONA

7

8  Maris S. Mitchell,                              No. CV11-2244-PHX-JAT

9                        Plaintiff,                **ORDER**

10  v.

11  Patrick R. Donahoe, Postmaster General,
   United States Postal Service,

12                        Defendant.

13

14       Currently pending before the Court are Plaintiff's Motion for Reconsideration

15  (Doc. 7) and Defendant's Motion for More Definite Statement (Doc. 9).  The Court now

16  rules on the motions.

17                    **MOTION FOR RECONSIDERATION**

18       Plaintiff filed a Motion to Appoint Counsel on November 15, 2011.  (Doc. 3.)  The

19  Court denied that motion on November 23, 2011, citing Plaintiff's failure to demonstrate

20  exceptional circumstances.  (Doc. 6.)

21       On December 19, 2011, Plaintiff filed a Motion for Reconsideration of the Court's

22  ruling on her Motion to Appoint Counsel.  (Doc. 7.)  In her Motion for Reconsideration,

23  Plaintiff admits she did not know about the *Bradshaw* factors referenced in the Court's

24  Order and describes her attempt to retain counsel to represent her in this case.

25       As the Court noted in its earlier Order, there is no constitutional right to appointed

26  counsel in a civil case.  *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th

27  Cir. 1982).  But the Court may appoint counsel in "exceptional circumstances," *Wilborn*

28  *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), and, in civil rights employment

1   discrimination cases, when the court deems just, *Bradshaw v. Zoological Soc'y of San*
2   *Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

3       The Court finds that Plaintiff's attempts to retain counsel as described in her
4   Motion for Reconsideration do not constitute exceptional circumstances.  The Court
5   further finds that Plaintiff's Motion for Reconsideration demonstrates her ability to
6   respond to Court orders and articulate her position.  Finally, the Court finds that the letter
7   attached to Plaintiff's Motion for Reconsideration does not contribute to the Court's
8   ability to assess the merit of Plaintiff's claims.  The Court therefore will deny the Motion
9   for Reconsideration.

10                    **MOTION FOR MORE DEFINITE STATEMENT**

11       Federal Rule of Civil Procedure 12(e) provides that a party may move for a more
12   definite statement of a pleading if the pleading is so vague or ambiguous that the party
13   who is allowed a responsive pleading cannot reasonably prepare a response.  A Rule
14   12(e) motion must point out the defects in the pleading and the details desired.

15       Defendant filed his Motion for More Definite Statement on November 23, 2011.
16   (Doc. 9.)  Defendant claims that Plaintiff's Complaint is so vague and ambiguous that he
17   cannot formulate a response.

18       In her Response to the Motion for More Definite Statement, Plaintiff does not
19   actually respond to Defendant's arguments in the Motion.  She instead attempts to clarify
20   the allegations in her Complaint.  Plaintiff's attempts at clarification and failure to
21   respond to Defendant's arguments seem to indicate that she acknowledges the
22   deficiencies of her Complaint.

23       The Court agrees with Defendant that the Complaint does not meet the
24   requirements of Federal Rule of Civil Procedure 8(a) and is so vague and ambiguous that
25   Defendant cannot form an appropriate response.  While giving some background, the
26   Complaint does not contain short and plain statements of the grounds for Plaintiff's
27   claims for relief.  Nor does the Complaint identify what state or federal statute or
28   constitutional provision Defendant allegedly violated.

The Court therefore will grant Defendant's Motion for More Definite Statement and hereby orders Plaintiff to file an Amended Complaint within fourteen (14) days of the date of this Order.  The Amended Complaint shall comply with the requirements of Federal Rules of Civil Procedure 8(a) and 10(b) and shall set forth the factual bases for Plaintiff's claims.  Plaintiff's claims themselves shall be set out in separate Counts and shall identify which law, treaty, or constitutional provision Defendant allegedly violated. The Amended Complaint also shall: 1) provide the names of the United States Postal Service Employees who allegedly discriminated and/or retaliated against Plaintiff; 2) contain a description of the alleged discriminatory conduct and the alleged adverse employment action or actions; and 3) identify the time frames for the alleged discriminatory conduct.

Accordingly,

**IT IS ORDERED** DENYING Plaintiff's Motion for Reconsideration (Doc. 7.)

**IT IS FURTHER ORDERED** GRANTING Defendant's Motion for More Definite Statement (Doc. 9).

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint that meets the requirements set out above within fourteen (14) days of the date of this Order. If Plaintiff fails to file an Amended Complaint within that time, the Clerk of the Court shall dismiss this case without further notice for failure to obey a Court order and failure to prosecute.

Dated this 7th day of May, 2012.

James A. Teilborg
United States District Judge

- 3 -